**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SONNY JAMES GUBBINE,

Plaintiff,

v.

RENEE BAKER, *et al.,*

Defendants.

3:19-cv-00127-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

This case involves a civil rights action filed by Plaintiff Sonny James Baker ("Plaintiff") against Defendants Renee Baker, Tara Carpenter, Scott Davis, and Maribelle Henry (collectively referred to as "Defendants") for allegedly serving him expired lunch meat while he was in the custody of the Nevada Department of Corrections ("NDOC"). Currently pending before the court is Defendants' motion for summary judgment. (ECF No. 27). Plaintiff did not file an opposition and no reply was filed. Having thoroughly reviewed the record and papers, the court recommends Defendants' motion for summary judgment (ECF No. 27) be granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background

The facts of this case are straight forward. In 2018, Plaintiff was an inmate housed at the Lovelock Correctional Center ("LCC"). (ECF Nos. 10.) In his complaint, Plaintiff asserted that he is Jewish. *(Id.* at 3.) As he is Jewish, he alleged he was required to maintain a Kosher diet. From September 29, 2018, through December 2018, Plaintiff claimed Defendants provided him with Kosher meals containing expired lunch meat. *(Id.* at 4.) The lunch meat ranged from a couple of months to 11 years past its expiration date.

1 This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

*(Id.)* Defendants asserted the meat was safe to consume, but when Plaintiff tried to consume it, he alleged that he suffered from intestinal gastritis, diarrhea, vomiting, and abdominal pain. *(Id.)* When Defendants were advised that the lunch was past its expiration date, Plaintiff further claimed they began removing the expiration dates from the packages to cover up the fact that the meat was expired. *(Id.)*

Based on these facts, Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief. (*Id.* at 9.) Pursuant to 28 U.S.C. § 1915(A)(a), the District Court entered a screening order allowing Plaintiff to proceed on the following claims: (1) a violation of the First Amendment's guarantee of free exercise of religion; (2) a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and (3) conditions of confinement claim under Eighth Amendment and the Nevada Constitution. (ECF No. 9 at 7-8.) Each claim is predicated upon Plaintiff's assertion that he was provided expired lunch meat for a three-month period while housed at LCC between September and December 2018.

**B. Defendants' Motion for Summary Judgment**

On April 23, 2021, Defendants filed a motion for summary judgment seeking dismissal of Plaintiff's claims. (ECF No. 27). Specifically, Defendants argue summary judgment should be entered as to all, or part, of Plaintiff's claims because: (1) Plaintiff did not receive out-of-date food for three months; rather, even assuming if he received out-of-date food, he only received it for 25 days based upon his transfer from LCC to another facility in October 2018; (2) Plaintiff failed to exhaust his administrative remedies; (3) Plaintiff's First Amendment and RLUIPA claims fail because he ordered meat and non-kosher meat products during the disputed time frame; (4) Plaintiff's Eighth Amendment and Nevada Constitution claims fail because Defendants investigated his claims; (5) Plaintiff failed to respond to requests for admission, which are now admitted, which prove Plaintiff cannot prove the elements of his allegations; and (6) Defendants are entitled to qualify immunity. (ECF No. 27).

Upon the filing of the motion for summary judgment, the court entered a minute order advising Plaintiff of his obligations to file an opposition or responsive document to the motion pursuant to *Klingele v. Eikenberry* and *Rand v. Rowland*. (ECF No. 30). However, Plaintiff did not file a response or opposition to the motion. Thereafter, the court entered an order *sua sponte* providing Plaintiff an extension of time to file an opposition or response up to and including Wednesday, June 2, 2021. (ECF No. 32). Plaintiff again failed to file any opposition or responsive document.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire*

*& Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, based on authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

///

///

///

## III. DISCUSSION

### A. Civil Rights Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Almy*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege: (1) the violation of a federally protected right by; and (2) by a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must also establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

As a starting point, for Plaintiff's claims to survive summary judgment, there must be – at minimum – a showing that Defendants engaged in some improper conduct that deprived him of his civil rights. In this case, the improper conduct alleged by Plaintiff's complaint is his assertions that he was served expired lunch meat with his Kosher meals from September to December 2018 while housed at LCC. (ECF No. 9 at 5) (the court construed First Amendment and RLUIPA claims from Plaintiff's complaint based on his claims that he was served expired lunch meat because was required to eat Kosher diet based on his religious faith); (*Id*. at 6-7) (court construed Eighth Amendment and Nevada Constitutional claims based on allegations Defendant's provided Plaintiff will expired lunch meat, which was unsafe for human consumption.)

In support of the motion for summary judgment, Defendants submitted the declaration of Maribell Henry, Food Service Manager at LCC, who declared under penalty of perjury, that the lunch meat served to Plaintiff was within code – i.e., not outdated. (ECF

No. 27-7 at ¶ 6).[2] According to Ms. Henry, the Julian codes on the products used by the supplier – which Plaintiff misinterpreted to show the items were outdated – reflected a different date than Plaintiff perceived. (*Id*. at ¶ 5). Ms. Henry's declaration further explains that the issue of outdated lunch meat alleged by Plaintiff was investigated and nothing of significance was identified during the investigation. (*Id*. at ¶ 7). Thus, per the evidence submitted by Defendants, Plaintiff was not, in fact, served expired lunch meat during the disputed timeframe. Based on the submission of this evidence, Defendants have met their initial burden on summary judgment to establish the record forecloses a jury from finding in favor of Plaintiff on any of his civil rights claims.

Plaintiff has the burden of proof at trial on this issue. Therefore, the burden now shifts to Plaintiff to present or produce some evidence that would establish or create an issue of fact with respect to whether the lunch meat served was, in fact, expired. Plaintiff, however, failed to meet his burden of production. Plaintiff did not file any opposition or response to Defendants' motion and has provided no evidence to rebut the evidence presented by Defendants to create an issue of fact for the jury. Therefore, having failed to

---

[2] The court reminds Defendants and their counsel of their obligations to properly authenticate and provide exhibits which are admissible in support of motions for summary judgment. In this instance, Defendants submitted ten exhibits in support of the motion for summary judgment. Three of those exhibits are declarations of witnesses. (*See* ECF Nos. 27-7 through 27-9). The other seven exhibits submitted by Defendants are records and documents in the custody and control of the NDOC or discovery related documents. (ECF Nos. 27-1 through 27-6; ECF No. 29-1). However, Defendants failed to properly authenticate any of these seven exhibits or to establish that these items would be admissible at trial. Therefore, if the court did not consider these seven exhibits in ruling on this motion.

Moreover, the court must further point out that Defendants only submitted one exhibit – a "Notis" computer printout - in support of their argument that Plaintiff failed to exhaust his administrative remedies. This unauthenticated document purports to provide information regarding the grievances filed by Plaintiff and the responses provided. (ECF No. 27-2). However, there is also no information or evidence to establish the trustworthiness or completeness of the information contained in this Notis summary. Therefore, even if authenticated, this exhibit alone is insufficient to support summary judgment on the issue of exhaustion. In the future, Defendants and their counsel are reminded to provide the underlying backup documentation related to grievances to support such arguments.

meet his burden of production, Defendants are entitled to summary judgment and their motion should be granted.[3]

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that Defendants' motion for summary judgment (ECF No. 27) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 27) be **GRANTED**; and,

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: June 14, 2021

______________________________
**UNITED STATES MAGISTRATE JUDGE**

[3] As the court recommends summary judgment on this basis, the court will not reach Defendants' other arguments on summary judgment.